**STATE AUTOMOBILE AND CASUALTY UNDERWRITERS, Appellee,**

v.

**MID-CONTINENT CASUALTY COMPANY, Appellant.**

**No. 45036.**

Court of Appeals of Oklahoma, Division No. 2.

Dec. 12, 1972.

Rehearing Denied Feb. 14, 1973.

Released by Supreme Court for Official Publication July 27, 1973.

Rinehart, Cooper & Stewart, Oklahoma City, for appellee.

O'Toole, Lee & King, Oklahoma City, for appellant.

BRIGHTMIRE, Presiding Judge.

Herein an employer's two workmen's compensation insurance carriers argue

about whether one or both must pay a certain injured employee's claim.

Leading up to appellee's ("State Auto") filing of this lawsuit were these facts. The employer—Master Built Homes, Inc.,—was engaged in the construction of public housing. On April 10, 1969, it had but one such project and it was just starting in Weleetka, Oklahoma. To provide compensation coverage for these employees employer purchased an insurance policy from State Auto.

October 13, 1969, employer bought another workmen's compensation insurance policy from appellant ("Mid-Continent") to cover the employees of a second public housing project about to commence in Lawton, Oklahoma.

Both carriers filed coverage cards with the State Industrial Court.

On January 20, 1970, one Donald L. Smith, an employee working on the Lawton project, sustained a compensable injury and filed a claim for compensation naming both State Auto and Mid-Continent as jointly liable insurance carriers.

The State Industrial Court made an award to the employee on August 19, 1970, against both insurance carriers. The two carriers later entered into a "Joint Petition Agreement" with the claimant and expressly agreed between themselves that they would each pay one-half of the settlement amount without State Auto waiving its right to initiate court proceedings seeking recovery of its half from Mid-Continent.

Accordingly this action was filed in December 1970 by State Auto. In addition to the aforementioned facts, it averred that even though the coverage cards filed with the State Industrial Court by each of the parties were on a prescribed form certifying each policy "covers all obligations of the assured . . . wherever located . . . ." still, the fact was that Mid-Continent's policy was to cover only employees on the Lawton project and State Auto's only the workers on the Weleetka job. Because of this both companies had figured and charged premiums on the basis

of such limited coverage. State Auto concluded, therefore, that as a matter of equity Mid-Continent should bear the entire outlay regarding the Lawton injury.

Conspicuous is the absence of a general denial in Mid-Continent's answer. Neither did it contain a specific denial of any fact alleged in appellee's petition. Its only denial was in the nature of a conclusionary opinion: "that the defendant Mid-Continent Casualty Company should [not] bear the risk and expense for any and all injuries sustained by the said Donald L. Smith . . . . ."

A couple of months after this answer was filed, appellee filed a "Motion for Summary Judgment." In support thereof State Auto offered the statement of the vice president of Master Built Homes, Inc. The offer was based upon a stipulation that if called to the stand the official would testify in accordance with the statement. The executive confirmed the allegations of State Auto's petition particularly that each company specifically agreed with the employer that State Auto was covering only the Weleetka employees and Mid-Continent the Lawton employees and that premiums were calculated accordingly.

Such facts were in nowise traversed by Mid-Continent. In fact at the hearing on the summary judgment motion counsel replied "No, sir," when asked by the court if he had any fault to find with the facts as stated by State Auto.

On May 26, 1971, the court sustained State Auto's motion and granted it summary judgment for $3,390.75. It did so upon concluding that no material question of fact existed to be resolved by a trial and that the admitted facts disclosed that the employer's contract with State Auto was intended to provide compensation coverage only on the Weleetka employees and the contract with Mid-Continent was intended to cover only Lawton employees.

This conclusion provides the foundation for Mid-Continent's solitary challenge here.

 We find no fault with the result reached below. Appellant's heavy reliance

upon the unlimited scope of the provisions set out in both the coverage sheet of State Auto's policy and the coverage card it filed with the State Industrial Court is not justified on the basis of any principle of law or equity known to us. It would be, of course, a different matter if the dispute were between the claimant and one or both of the insurance companies. The compensation act requires insurance coverage only for the benefit of an injured employee. Similarly, certification of coverage by execution of the coverage card is required, not for the benefit of another carrier, but solely for the protection of an injured employee.

The only cases cited by appellant are those holding the same rules are to be employed in interpreting contracts of insurance as are used in construing noninsurance agreements, Taylor v. New York Life Ins. Co., 324 F.2d 768 (10th Cir. 1963)— and that an unambiguous insurance contract needs no construction, Hercules Casualty Ins. Co. v. Preferred Risk Ins. Co., 337 F.2d 1 (10th Cir. 1964). Surely these elementary rules need be neither praised nor condemned, but ignored as irrelevant to the decisive issue in this case—an issue consisting not of what insurance coverage the State Auto contract afforded Mid-Continent but what was afforded employees of the assured. Common sense ought to suggest that the construction company did not need or want to pay two different insurance companies for precisely the same coverage. Undenied is the fact that the State Auto policy was purchased to cover only Weleetka workers. This agreement with assured is no more the concern of Mid-Continent than is the further fact that notwithstanding the limited coverage, State Auto complied with the state law and executed the required unlimited coverage certification—a certification, incidentally, which apparently did cover all of assured's employees at the time it was filed.

■ The critical and controlling point is that regardless of what other contracts existed, Mid-Continent admits it issued one on September 19, 1969, wherein it accepted premiums as consideration for its promise to cover "all obligations of the assured under the Workmen's Compensation Law of Oklahoma, wherever located" until September 19, 1970. The assured says the contract was intended to cover only Lawton workers. No reason consistent with equity and justice occurs to us why Mid-Continent should be permitted to avoid fulfillment of its contractual commitment under the undenied circumstances presented here —that is, to pay the full amount of the injured Lawton man's award.

Affirmed.

BACON and NEPTUNE, JJ., concur.