Jerry LAMBERT, Plaintiff,

v.

INRYCO, INC., a corporation; Capitol Steel Corporation, a corporation; and Morrison-Knudsen Company, Inc., a Delaware corporation, Defendants,

v.

DERR CONSTRUCTION CO., a corporation, Third-Party Defendant.

No. CIV–79–1369–D.

United States District Court,
W.D. Oklahoma.

On Motion to Bring in Third Parties
April 25, 1980.

On Motion to Dismiss Sept. 10, 1980.

Order Granting Summary Judgment
Sept. 30, 1981.

On Motion to Reconsider Feb. 4, 1982.

Ben T. Lampkin and Larry A. Tawwater, Oklahoma City, Okl., for plaintiff.

Tom L. King, Jeff R. Beeler, Kent Fleming, Scott M. Rhodes, Robert L. Huckaby, Gary C. Bachman, Harry R. Palmer, Jr., Chris Condren, Patrick M. Ryan and Kelley C. Callahan, Oklahoma City, Okl., for defendants.

## ON "MOTION TO BRING IN THIRD PARTIES"

DAUGHERTY, District Judge.

Plaintiff brings this negligence action seeking to recover damages for personal injuries he allegedly sustained when he fell through an unguarded opening in the roof of the General Motors Plant in Oklahoma City while in the course of his employment with the Klapp Roofing Company on April 11, 1978. Plaintiff alleges in his Amended Complaint that Defendant Morrison-Knudsen Company, Inc., was the general contractor on the General Motors project. Defendant Capitol Steel Corporation is alleged to have erected the steel girders for the building while Defendant Inryco, Inc. (Inryco) is alleged to have "placed corrugated metal siding and decking on the roof, leaving openings in the roof of the building which created a danger to workers on the roof." It is asserted that the Court has subject matter jurisdiction of this action by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Defendant Inryco has filed herein a "Motion to Bring in Third Parties" and supporting Brief wherein it seeks permission to file a third-party complaint in this case against Derr Construction Co. (Derr) on the basis that Derr had the subcontract covering the erection and placement of the corrugated metal siding and decking on the roof of the General Motors plant. Defendant Inryco asserts that under the terms of the subcontract Derr is required to indemnify and hold Inryco harmless from claims based on the negligence of Derr in the performance of the work on the project. Thus, Inryco maintains that it is entitled to indemnity from Derr both under the provisions of the subcontract and pursuant to common law.

Rule 14(a), Federal Rules of Civil Procedure, provides in part:

(a) *When Defendant May Bring in Third Party.* At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him.

Rule 14(a) authorizes a defendant to bring into a lawsuit any person "not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him." A third-party claim may be asserted under this Rule only when the third party's liability is in some way dependent on an outcome of the main claim or when the third party is secondarily liable to the defendant. *See, e.g., Gaines v. Sun Ray Oil Co.,* 539 F.2d 1136 (8th Cir.1976); *Parr v. Great Lakes Express Co.,* 484 F.2d 767 (7th Cir.1973); 6 Wright and Miller, *Federal Practice and Procedure:* Civil § 1446, at 246 (1971). The secondary or derivative liability notion is central and it is irrelevant whether the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory. 6 Wright and Miller, *supra,* at 246–248. The original defendant's claim against the third-party defendant cannot simply be an independent or related claim but must be based upon the plaintiff's claim against the original defendant. 6 Wright and Miller, *supra,* at 257. The crucial characteristic of a Rule 14 claim is that the original defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. *Id.* As the rule is designed to reduce multiplicity of litigation and therefore is remedial in character, it should be construed liberally. *E.g., United States v. Acord,* 209 F.2d 709 (10th Cir.1954), *cert. denied,* 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115 (1954). The granting or denial of impleader rests in the sound discretion of the trial court. *Farmers & Merchants Mutual Fire Insurance Co. v. Pulliam,* 481 F.2d 670 (10th Cir.1973).

Upon examination of Inryco's proposed third-party complaint, the Court concludes that said pleading contains sufficient allegations to bring Inryco's claim against Derr within the provisions of Rule 14(a), *supra. See, e.g., Brogle v. South Carolina Electric and Gas Co., Inc.,* 509 F.2d 1216, 1217 (4th Cir.1975). Defendant Inryco alleges therein that Derr is liable to said Defendant for all of Plaintiff's claim against Inryco "under contract and/or common law." A copy of the subcontract agreement between Inryco and Derr is attached as an exhibit to the proposed third-party complaint and supports Inryco's assertion that Defendant Inryco is entitled to indemnity from Derr under the terms of said contract. Therefore, the Court finds and concludes that Defendant Inryco's "Motion to Bring in Third Parties" should be granted. Accordingly, the Clerk is directed to file Inryco's Third-Party Complaint and issue process thereon to the named Third-Party Defendant.

### ON MOTIONS TO DISMISS

This is a negligence action brought by Plaintiff to recover damages for personal injuries he allegedly sustained when he fell through an unguarded opening in the roof of the General Motors Plant in Oklahoma City while in the course of his employment with the Klapp Roofing Company on April 11, 1978. Plaintiff alleges in his Amended Complaint that Defendant Morrison-Knudsen Company, Inc. (Morrison-Knudsen) was the general contractor on the General Motors project. Defendant Capitol Steel Corporation is alleged to have erected the steel girders for the building while Defendant Inryco, Inc. (Inryco) is alleged to have "placed corrugated metal siding and decking on the roof, leaving openings in the roof of the building which created a danger to workers on the roof." Third-Party Defendant Derr Construction Co. (Derr) was impleaded herein pursuant to Rule 14(a), Federal Rules of Civil Procedure, by Defendant Inryco who claimed that Derr is liable to said Defendant "under contract and/or common law" for all of Plaintiff's claim against Inryco. It is asserted that the Court has subject matter jurisdiction of this

action by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Several Motions are presently before the Court which the Court will consider seriatim.

## DEFENDANT MORRISON–KNUDSEN'S MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Rule 12(c), Federal Rules of Civil Procedure, Defendant Morrison-Knudsen has filed herein a Motion for Judgment on the Pleadings and supporting Brief wherein said Defendant seeks judgment in its favor and dismissal of Plaintiff's action on the grounds that this Court lacks subject matter jurisdiction over Plaintiff's claim against said Defendant. Plaintiff has filed a Brief in opposition to the instant Motion.

In support of its Motion, Defendant Morrison-Knudsen contends that Plaintiff's claim herein falls within the scope of the Oklahoma Workmen's Compensation Act (Act), 85 Okla.Stat.1971 § 1 et seq.,[1] and therefore Plaintiff's exclusive remedy against said Defendant is in the Oklahoma State Industrial Court. Plaintiff responds that Defendant Morrison-Knudsen's Motion should be denied because a determination as to whether said Defendant comes within the provisions of 85 Okla.Stat.1971 § 11 and is therefore immune from suit at common law cannot be made from the pleadings before the Court.

■ A motion for judgment on the pleadings is not favored and will not be granted unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to a judgment as a matter of law. *Greenberg v. General Mills Fun Group, Inc.,* 478 F.2d 254

(5th Cir.1973); *King v. Gemini Food Services, Inc.,* 438 F.Supp. 964 (E.D.Va.1976), aff'd, 562 F.2d 297 (4th Cir.1977) (per curiam), cert. denied, 434 U.S. 1065, 98 S.Ct. 1242, 55 L.Ed.2d 766 (1978); *E.C. Robinson Lumber Co. v. Hughes,* 355 F.Supp. 1363 (E.D.Mo.1972); 5 Wright and Miller, *Federal Practice and Procedure:* Civil § 1368 (1969); see *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.,* 554 F.2d 551 (2nd Cir.1977). Moreover, a trial on the merits would be more appropriate than a resolution of the case by a Rule 12(c) motion if the pleadings do not resolve all of the factual issues in the case. 5 Wright and Miller, supra at § 1367.

■ In Oklahoma, the Workmen's Compensation Act, supra, abrogated the common law right of action for damages by an employee and substituted an exclusive remedy in place of all other liability of the employer. *Carroll v. District Court,* 579 P.2d 828 (Okl.1978); see 85 Okla.Stat.1971 § 12. Said Act is exclusive in the field in which it operates, provides both the relief afforded and the methods for administering and is mandatory and not elective in operation. *Id.* It has been held that when the principal contractor must bear secondary liability in the event an injured worker's employer does not procure compensation, the workmen's remedy is provided by the Act. *Crowder v. Continental Materials Co.,* 590 P.2d 201 (Okla.1979). In this connection, it appears that Defendant Morrison-Knudsen would have been secondarily liable to Plaintiff under the provisions of 85 Okla. Stat.1971 § 11 had Plaintiff's employer not had workmen's compensation insurance coverage for Plaintiff if said Defendant was the "principal employer" of Plaintiff within the meaning of § 11.[2]

---

1. All statutory citations herein are to the Oklahoma Workmen's Compensation Act, 85 Okla. Stat.1971 § 1 et seq., which was in force when Plaintiff was injured on April 11, 1978. *See O'Baugh v. Drilling Well Control, Inc.,* 609 P.2d 355, 356 n. 1 (Okla.1980). The new Oklahoma Workers' Compensation Act, 85 Okla.Stat. Supp.1979 § 1 et seq., became effective on July 1, 1978.

2. 85 Okla.Stat.1971 § 11 contains a broad definition of the term employer and provides in pertinent part as follows:

1. The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of such independent contractor, and *the principal employer shall also be liable in the manner hereinafter specified for compensation due all direct employees, em-*

In *Murphy v. Chickasha Mobile Homes, Inc.*, 611 P.2d 243 (Okl.1980), the Oklahoma Supreme Court set forth the test to be followed in determining whether an employer is a "principal employer" within the meaning of 85 Okla.Stat.1971 § 11 as follows:

> A principal employer, within the meaning of the compensation law, must be defined in terms of the task for the performance of which he hired the independent contractor. Proper application of the test requires a two-step consideration: [1] the task being performed by the worker, when injured, must be necessary and integral part of hirer's day-to-day business operations or [2] one that is within the range of activities customarily carried out by one in the hirer's line of business. If the contractor, however independent he may be, is merely a medium through whom the hirer is pursuing the day-to-day activity of his own business, § 11 status is created by operation of law and compensation liability attaches.

611 P.2d at 244–245.

■ The pleadings before the Court at this time are not sufficient to permit the Court to resolve the factual issues encompassed in the foregoing test. Nor is the Court able to determine as a matter of law that Defendant Morrison-Knudsen was the "principal employer" of Plaintiff within the meaning of 85 Okla.Stat.1971 § 11 and is consequently not amenable to this common law negligence action. Therefore, the Court finds and concludes that Defendant

Morrison-Knudsen's Motion for Judgment on the Pleadings should be overruled.

## DEFENDANT INRYCO'S MOTION TO DISMISS

Pursuant to Rule 12(h)(3), Federal Rules of Civil Procedure, Defendant Inryco has filed herein a Motion to Dismiss Plaintiff's action for lack of subject matter jurisdiction. Said Motion is supported by a Brief and Plaintiff has filed a Brief in opposition thereto.

■ In support of its Motion, Defendant Inryco, like Morrison-Knudsen in the preceding motion, contends that dismissal of Plaintiff's action for lack of subject matter jurisdiction is warranted on the basis that Plaintiff's exclusive remedy lies in the Oklahoma State Industrial Court. In this connection, Defendant Inryco asserts that it and Plaintiff were "in the same employ" at the time of Plaintiff's injury and therefore Plaintiff is prohibited from bringing a common law negligence action against said Defendant by 85 Okla.Stat.1971 § 44. Plaintiff responds that Defendant Inryco's Motion should be denied because the pleadings do not set forth a basis for denying subject matter jurisdiction.

85 Okla.Stat.1971 § 44(a) provides in part:

> (a) If a workman entitled to compensation under this Act be injured by the negligence or wrong of another *not in the same employ,* such injured workman shall, before any suit or claim under this Act, elect whether to take compensation

---

ployees of the independent contractors, subcontractors, or other employees engaged in the general employer's business.

2. The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, the independent contractor or intermediate contractor, and such claims may be presented against all such persons in one proceeding. If it appears in such proceeding that the principal employer has failed to require a compliance with the Workmen's Compensation Law of this State, by his or their independent contractor, *then such employee may proceed against such principal employer without regard to liability of any indepen-*

dent, intermediate or other contractor. Provided, however, in any proceeding where compensation is awarded against the principal employer under the provisions hereof, such award shall not preclude the principal employer from recovering the same, and all expense in connection with said proceeding from any independent contractor, intermediate contractor or subcontractor whose duty it was to provide security for the payment of such compensation, and such recovery may be had by supplemental proceedings in the cause before the State Industrial Commission or by an independent action in any court of competent jurisdiction to enforce liability of contracts. (Emphasis added.)

under this Act, or to pursue his remedy against such other. (Emphasis added.) Thus, if Defendant Inryco and Plaintiff were "in the same employ" within the meaning of the foregoing statute at the time Plaintiff was injured, it appears that the instant action against said Defendant would not lie and Plaintiff's exclusive remedy would be under the Oklahoma Workmen's Compensation Act. *See O'Baugh v. Drilling Well Control, Inc.,* 609 P.2d 355 (Okl.1980). However, the record before the Court at this time is insufficient to permit the Court to determine under the tests fashioned by the Oklahoma courts and set out in *O'Baugh* whether Defendant Inryco and Plaintiff were "in the same employ" within the meaning of § 44. Therefore, the Court finds and concludes that Defendant Inryco's Motion to Dismiss should be overruled subject to reconsideration at the trial of this case.

### THIRD–PARTY DEFENDANT DERR'S MOTION TO DISMISS

Pursuant to Rules 12(b)(1) and (6), Federal Rules of Civil Procedure, Third-Party Defendant Derr has filed herein a Motion to Dismiss this action as to it on the grounds that the Court lacks subject matter jurisdiction over the claim asserted in the third-party complaint and that the third-party complaint fails to state a claim against Derr upon which relief can be granted. Defendant Inryco has filed a Brief in opposition to said Motion and Plaintiff has also responded to Derr's Motion.

In support of its Motion, Derr contends that as the Court lacks subject matter jurisdiction over Plaintiff's action against Defendant Inryco, the Court lacks jurisdiction over Defendant Inryco's indemnity claim against Derr. However, in view of the Court's ruling above in connection with Defendant Inryco's Motion to Dismiss, the Court is not persuaded at this time that it lacks subject matter jurisdiction over Defendant Inryco and as a result thereof, over Inryco's indemnity claim against Derr. Accordingly, insofar as dismissal for lack of subject matter jurisdiction is sought, the instant Motion should be overruled subject to reconsideration at the trial of this case.

Third-Party Defendant Derr also contends that Inryco's third-party complaint fails to state a claim upon which relief can be granted as Inryco has not yet paid anything to Plaintiff and therefore Inryco's claim for indemnification against Derr is premature. However, under Rule 14(a), Federal Rules of Civil Procedure, it is not necessary that a third-party plaintiff wait until judgment is rendered against him in order to implead a third-party defendant. *Niece v. Sears, Roebuck & Co.,* 293 F.Supp. 792, (N.D.Okla.1968). The contingent right, if any, of a third-party plaintiff for recovery against a third-party defendant arises at the same time plaintiff's right of recovery arises, and the method of enforcing that right is procedural. *Id.* Therefore, the Court determines that Derr's contention that Defendant Inryco's third-party complaint fails to state a claim upon which relief can be granted is without merit and Derr's Motion to Dismiss on this ground should be overruled.

### CONCLUSION

In summary, the Court finds and concludes that Defendant Morrison-Knudsen's Motion for Judgment on the Pleadings should be overruled. Defendant Inryco's Motion to Dismiss Plaintiff's action for lack of subject matter jurisdiction should be overruled subject to reconsideration at the trial of this case. Third-Party Defendant Derr's Motion to Dismiss should be overruled insofar as dismissal of the third-party complaint is sought for failure to state a claim. Derr's Motion to Dismiss the third-party complaint for lack of subject matter jurisdiction should be overruled subject to reconsideration at the trial of this case.

### ORDER GRANTING SUMMARY JUDGMENT

This is an action by Plaintiff seeking damages for personal injuries sustained when he fell through an opening in the roof during construction of the General Motors plant in Oklahoma City. At the time of the

accident, Plaintiff was employed by Klapp Roofing Company (Klapp) and was engaged in construction of the roof on said plant. He was covered by workers' compensation through his employer. It is asserted that this Court has subject matter jurisdiction by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Defendant Morrison-Knudsen Company, Inc. (Morrison-Knudsen) has filed herein a "Motion to Dismiss and Objection to Jurisdiction" pursuant to Rule 12(b)(1) and Rule 12(h)(3), Federal Rules of Civil Procedure, supported by a Brief. Defendant Inryco, Inc. (Inryco) has filed a "Combined Motion to Dismiss for Lack of Subject Matter Jurisdiction and Motion for Summary Judgment" supported by a Brief. Defendant Capitol Steel Corporation (Capitol) has filed a "Motion to Dismiss and Objection to Jurisdiction" supported by a Brief. Plaintiff has filed a Brief in response to said Motions. Furthermore, Third-Party Defendant Derr Construction Co. (Derr) has filed a Motion to Dismiss supported by a Brief and Third-Party Plaintiff Inryco has filed a Brief in response thereto.[1]

In its Motion Defendant Morrison-Knudsen asserts that it was at all times relevant to the instant action the construction manager of the jobsite where Plaintiff was injured and as such Morrison-Knudsen was the general contractor who hired the various subcontractors including Klapp, Plaintiff's employer. Morrison-Knudsen therefore asserts that it is entitled to vertical immunity from Plaintiff's claim as the principal employer under the Oklahoma Workers' Compensation Act (Act). 85 Okla.Stat. Supp.1979 § 11; 85 Okla.Stat.1971 § 12. Morrison-Knudsen contends that Plaintiff's relief is in the workers' compensation courts which have exclusive jurisdiction over Plaintiff's claim. Morrison-Knudsen contends in the alternative that it is entitled to horizontal immunity under the Act as Morrison-Knudsen was one of the several independent contractors on the jobsite engaged in a common task with Plaintiff's employer.

Defendants Inryco and Capitol assert that they are entitled to horizontal immunity under the Oklahoma Workers' Compensation Act by virtue of their positions as independent contractors engaged in a common task with Plaintiff's employer. Inryco further asserts that it had no contractual or legal duty to Plaintiff, as the contract with Inryco specified that other parties would provide safety equipment for the roofing project and furthermore Inryco had no control over the jobsite or supervisory control over the installation of the roof.

Plaintiff asserts that Morrison-Knudsen was not a principal employer entitled to immunity under the Workers' Compensation Act. Plaintiff further asserts that none of the Defendants were engaged in a common task with Plaintiff's employer and therefore Defendants are not entitled to horizontal immunity under the Workers' Compensation Act.

Third-Party Defendant Derr asserts that it is liable only if Inryco is found to be liable to Plaintiff in damages as Plaintiff failed to file an action against Derr within the applicable statute of limitations period. Derr, therefore, asserts that it should be dismissed from the instant action if Inryco is dismissed. Third-Party Plaintiff Inryco responds that it is in agreement with Derr's position on this point.

On July 1, 1981, the Court conducted an evidentiary hearing in connection with Defendants' Motions and on July 2, 1981, oral arguments were heard from all parties. The Court conducted said hearing under the authority of *Schramm v. Oakes,* 352 F.2d 143 (10th Cir.1965). The determination of any facts at said hearing related directly and only to the manner of operations among the parties and therefore related to this Court's jurisdiction and not to the merits of Plaintiff's cause of action which involves alleged negligence of the Defendants and damages of Plaintiff.

---

1. All of said Motions bring in matters outside the pleadings which the Court has not excluded. Accordingly, said Motions will be treated as Motions for Summary Judgment pursuant to Rules 12(b) and 56, Federal Rules of Civil Procedure.

Based upon the testimony presented and the exhibits admitted at said evidentiary hearing, the Court finds the facts to be as follows:

Defendant Morrison-Knudsen was the construction manager at the job site in question. As such Morrison-Knudsen performed duties similar to those of a general contractor. Morrison-Knudsen participated in the selection of the various subcontractors with the owner of the General Motors Plant, Oklahoma Industrial Authority (OIA). Morrison-Knudsen submitted the bills to OIA for payment, supervised all subcontractors and made certain that the subcontractors performed in accordance with the contract specifications. Morrison-Knudsen took care of all administrative matters for the jobsite. Morrison-Knudsen had the power to terminate subcontractors or employees of subcontractors subject to OIA's approval. Morrison-Knudsen also was charged with a duty to implement a safety program for the jobsite.

Defendants Inryco and Capitol were subcontractors on the job site and were working with Klapp in the construction of the roof for the General Motors plant. The roof was constructed using the fast track method; that is, Capitol would install the structural steel for the roof; Derr, which was a subcontractor hired by Inryco, would lay in place the metal roofing; Klapp would follow and complete the roof construction with Morrison-Knudsen supervising the entire operation. The testimony indicates that all roof subcontractors were working on different areas of the roof at the same time.

In Oklahoma a principal employer is immune from a common law tort action by an employee of a subcontractor if the task being performed by said employee is a necessary and integral part of the principal employer's day-to-day business operations. *See Murphy v. Chickasha Mobile Homes, Inc.,* 611 P.2d 243 (Okla.1980). If the subcontractor is merely a medium through whom the principal employer is pursuing the day-to-day activities of his own business then the principal employer is immune from

suit by such an employee by reason of the workers' compensation coverage by said subcontractor. *Murphy v. Chickasha Mobile Homes, Inc., supra.* This is called vertical immunity.

On the issue of horizontal immunity of independent contractors on the job site, the Oklahoma Supreme Court has recently expressed its opinion in the case of *O'Baugh v. Drilling Well Control, Inc.,* 609 P.2d 355 (Okl.1980). The Court in *O'Baugh* ruled that independent contractors performing joint tasks with an injured party's employer are protected by the statutory remedy provided to such employee under the Workers' Compensation Act and as such are immune from suit by said employee. The Court in *O'Baugh* reaffirmed the test set out in *Thompson v. Kiester,* 141 Okl. 69, 283 P. 1018 (1930) to determine whether the independent contractors were involved in the same employ. The critical factors to be considered are as follows:

1. Both independent contractors were on job;
2. at the time of the worker's injury;
3. were in the process of performing a common task upon the work site;
4. in a cooperative manner;
5. for the same party;
6. who specified the work to be done and the manner of getting it done;
7. although each of these contractors had separate contracts with the principal employer.

*O'Baugh v. Drilling Well Control, Inc., supra* at 358.

In the instant case Defendant Morrison-Knudsen, by virtue of the "Construction Manager Agreement" between it and OIA, performed duties similar to those of a general contractor on the General Motors project. As such Morrison-Knudsen acted as the principal employer over the various subcontractors of the entire project. The business of Morrison-Knudsen is construction work and the work performed by the various subcontractors including Klapp, was in the area of construction. Therefore, it is

clear that Plaintiff's employer, Klapp, was a medium through whom Morrison-Knudsen was pursuing the day-to-day activities of its own business. As Klapp carried workers' compensation insurance and Plaintiff has been compensated thereunder, Morrison-Knudsen is vertically immune from suit by Plaintiff in the instant action. *Murphy v. Chickasha Mobile Homes, Inc., supra.*

As to Inryco, Capitol and Derr as a subcontractor for Inryco, they were independent contractors on the jobsite performing joint tasks with Plaintiff's employer and as such are entitled to horizontal immunity from suit by Plaintiff. *O'Baugh v. Drilling Well Control, Inc., supra.* In this connection, Inryco, Capitol, Derr as Inryco's subcontractor, and Klapp, Plaintiff's employer, were all independent contractors on the job site at the time Plaintiff was injured. All of said contractors were performing the common task of construction of the roof of the General Motors Plant in a cooperative manner for the same party who specified the work and manner of getting the job done.

Moreover, even if Defendant Morrison-Knudsen should be considered an independent contractor and not the principal employer, it would still be immune from suit by Plaintiff as Morrison-Knudsen was undisputedly working as the supervisor of the roof project and as such Morrison-Knudsen was on the jobsite at the time of Plaintiff's injury and was performing the common task of construction of the roof with the other independent contractors in a cooperative manner for the same party (owner) who specified the work and manner of getting it done. Therefore, even if Morrison-Knudsen is not the principal employer, it was an independent contractor performing a joint task with Plaintiff's employer and therefore would be horizontally immune from suit by Plaintiff under the *O'Baugh* case above.

In view of the foregoing, the Court determines that it has no jurisdiction herein as the Defendants are immune from suit under Oklahoma's Workers' Compensation Act and therefore Plaintiff's remedy for his injuries lies within the exclusive jurisdiction of the Workers' Compensation Courts. The Court finds and concludes that Defendants are entitled to a judgment of dismissal in their favor for lack of subject matter jurisdiction. Accordingly, Defendants' Motions for Summary Judgment should be granted and Plaintiff's action should be dismissed against all Defendants for lack of subject matter jurisdiction. *See* Rule 56, Federal Rules of Civil Procedure; *see, e.g., Carter v. Stanton,* 405 U.S. 669, 92 S.Ct. 1232, 31 L.Ed.2d 569 (1972); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Bankers Trust Co. v. Transamerica Title Insurance Co.,* 594 F.2d 231 (10th Cir.1979); *Harsha v. United States,* 590 F.2d 884 (10th Cir.1979); *Madison v. Deseret Livestock Co.,* 574 F.2d 1027 (10th Cir.1978); *Mustang Fuel Corp. v. Youngstown Sheet & Tube Co.,* 561 F.2d 202 (10th Cir.1977).

As the liability of Third-Party Defendant Derr is contingent upon the liability of Inryco, Derr's Motion for Summary Judgment should be granted and Inryco's Third-Party action against Derr should be dismissed.

## ON MOTION TO RECONSIDER

Upon consideration of the Plaintiff's Motion To Reconsider and the opposition thereto by the other parties, the Court finds that said Motion should be overruled in all respects:

Plaintiff's reference to the case of *Rota-Cone Oil Field Operating Co. v. Chamness,* 168 P.2d 1007 (Okl.1946) and his statements that mere cooperation or close proximity is not sufficient to establish horizontal immunity does not persuade the Court that its Order Granting Summary Judgment filed herein on September 30, 1981 is incorrect. In said Order the Court followed the recent decision of the Oklahoma Supreme Court in the case of *O'Baugh v. Drilling Well Control, Inc.,* 609 P.2d 355 (Okl.1980). The facts of the instant case fully meet the seven-point test of *O'Baugh* and do not present a picture of mere cooperation or close proximity. Plaintiff's assertion that

the Court's Order is overbroad and will have the effect of eliminating all common law suits is wholly without merit.

As to Plaintiff's request that the Court certify the horizontal immunity question to the Oklahoma Supreme Court pursuant to 20 O.S. § 1602,[1] the same should be denied. In the Court's discretion this certification procedure should not be utilized in this case. The Oklahoma law involved has only recently been clarified in the well prepared and helpful decision in *O'Baugh.* Hence, there is a controlling precedent as to the applicable law in decisions of the Oklahoma Supreme Court. In looking to its jurisdiction, upon the same being challenged by the Defendants and under procedure approved by *Schramm v. Oakes,* 352 F.2d 143 (10th Cir.1965), the Court has found the pertinent facts under the applicable Oklahoma law. The certification procedure authorized by 20 O.S. § 1602 is to reach unsettled State law questions—not fact questions found pursuant to announced State law.

Accordingly, the Motion to Reconsider of Plaintiff should be overruled as to the factual finding of horizontal immunity in its jurisdictional setting and as to the request to certify this matter to the Oklahoma Supreme Court.

---

1. This statute reads:

The Supreme Court and the Court of Criminal Appeals respectively may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a United States District Court, or the highest appellate court or the intermediate appellate court of any other state, when requested by the certifying court if there are involved in any proceeding before it *questions of law* of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court or Court of Criminal Appeals of this state. (Emphasis added).