Charles E. CARROLL, Petitioner,

v.

The DISTRICT COURT OF the FIFTEENTH JUDICIAL DISTRICT COURT, CHEROKEE COUNTY, Oklahoma, and the Honorable William H. Bliss, a Judge of said Court, Respondents.

No. 52120.

Supreme Court of Oklahoma.

May 23, 1978.

John R. Paul, Grigg, Richards & Paul, Tulsa, for petitioner.

Jack Bliss, Tahlequah, for respondents.

DOOLIN, Justice:

This special proceeding for extraordinary relief by prohibition presents a single issue: Does Workmen's Compensation Act, 85 O.S. 1971 § 1, et seq. provide exclusive remedy for injury sustained during hazardous employment; or may an injured workman bring common law action for personal inju-

ries sustained from alleged negligence of another in the same employment?

We assume jurisdiction for determination of this issue.

Essential facts are disclosed by pleadings, exhibits and stipulations made during hearings before the respondent trial court. By statutory authorization, 11 O.S.1971 §§ 346–352, inclusive, City of Tahlequah maintains a Volunteer Fire Department. This is an enumerated hazardous employment, 85 O.S. 1971 §§ 2, 3, and the City provides workmen's compensation benefits under recognized insurance coverage. Statutory provisions, 11 O.S.1971 § 350 specify minimum requirements, including departmental by-laws, which must be adopted by ordinance or resolution. These minimum requirements had been adopted and were in effect on date of accidental injury. Under § 350, supra, Art. 6(a) it is provided: "All volunteer fire fighters are required, when notified, to respond to alarms of fire and other emergencies."

Both petitioner Carroll and claimant-plaintiff Rhoads were members of this Volunteer Fire Department. On December 18, 1973, the fire department responded to an alarm necessitated by an automobile fire. Claimant Rhoads answered the alarm, drove to the fire in his own vehicle and participated in extinguishing the fire. Carroll also responded, drove to the scene in a pickup truck and parked facing the burning automobile where Rhoads was working. While Rhoads was working at the front of the burning automobile, Carroll's pickup rolled down an incline and pinned Rhoads between the burning automobile and the pickup, causing grievous injuries.

A claim for compensation was filed January 17, 1974, and in December 1975, Rhoads instituted a third party suit for damages. Carroll's insurer then filed special appearance and plea to jurisdiction on grounds injury occurred while a fellow servant was acting in course of employment and exclusive jurisdiction was vested in State Industrial Court. Prior to hearing, Rhoads secured appropriate order holding compensation claim in abeyance until determination of third party action.

After hearing (June 16, 1977) the trial court denied Carroll's motion. The court held action for damages resulting from co-employee's negligence was not barred by State Industrial Court jurisdiction because although Rhoads' injury might be compensable, it was not directly related to the employment or what Carroll was employed to do. Motion to reconsider this adjudication also was overruled and order entered for pre-trial conference.

The Workmen's Compensation Act, 85 O.S.1971 § 11, abrogated common law right of action for damages by an employee and substituted an exclusive remedy in place of all other liability of the employer or any co-employee. The Act is exclusive in the field in which it operates and provides both the relief afforded and the methods for administering. *Pine v. Davis*, 193 Okl. 517, 145 P.2d 378 (1944). The Act is mandatory and not elective in operation. *Sheehan Pipe Line Construction Company v. State Industrial Commission*, 151 Okl. 272, 3 P.2d 199 (1931); *Lee Evans Oil & Gas Company v. Superior Court of Seminole County*, Okl., 344 P.2d 670 (1959); *Governair Corporation v. District Court*, Okl., 293 P.2d 918 (1956).

Section 122 also declares any right of action for personal injury or death, except rights reserved under §§ 12 & 44, abrogated. Jurisdiction of state courts over causes other than those under §§ 12 & 44 was abolished. In *Sade v. Northern Natural Gas Company*, 458 F.2d 210, 214 (10th Cir. 1972) this statement appears:

"Under Oklahoma law, certainly as relates to industrial accidents occurring within the state, an injured employee's exclusive remedy is the filing of a claim for compensation benefits against his employer in the Oklahoma Industrial Court, and the injured employee has no right to proceed in negligence against either his employer or the latter's employees."

Basis of Rhoads' argument is that injury did not arise out of and in course of employment as that term is defined. *R. J. Allison, Inc. v. Boling*, 192 Okl. 213, 134

P.2d 980 (1943). Since "arising out of" refers to origin of accident, the origin of Rhoads' accident was Carroll's negligence in driving a defective truck, or negligence in parking the truck on an incline without safety precautions. He claims driving to the scene of the fire and negligently parking the pickup was not part of Carroll's work and Rhoads' eventual injury did not result from risk reasonably incident to duties of employment.

Advanced as authority for the conclusion that an action may be properly brought against Carroll are decisions in *Saala v. McFarland,* 63 Cal.2d 124, 45 Cal.Rptr. 144, 403 P.2d 400 (1965) and *McIlvor v. Savage,* 220 Cal.App.2d 128, 33 Cal.Rptr. 740 (1963). Both cases involved injury resulting from negligence of a co-employee while leaving the company parking lot. In *Saala,* the statute could not be construed as making "arising out of and in course of" identical so as to extend immunity beyond respondeat superior situations. Hence injury occasioned by negligence of a co-employee was not within scope of the employer's business and statutory prohibition against actions against a co-employee did not apply. The same result was reached in *McIlvor v. Savage, supra,* on the reasoning that scope of employment as used in the amendment described the act and not the injury and was not synonymous with course of employment. Thus mere fact injury was compensable did not necessarily bar action against the co-employee.

Many cases also annotated in 21 A.L. R.3rd 845, et seq. disclose numerous contrary decisions from other jurisdictions. In summary, it is sufficient to point out these decisions generally are based upon the principle that statutes which make compensation of an injured employee an exclusive remedy, place the injured worker under complete disability to sue when injured by negligence of a co-employee.

An analogous situation appears in *Helmic v. Paine,* 369 Mich. 114, 119 N.W.2d 574 (1963). The Michigan Compensation Act provided an injured employee receiving compensation could bring action for damages only against *a person other than* a "natural person in the same employ or the employer." That court held this statutory bar applied only when both employees were in course of employment; whether the defendant (co-employee) could have received compensation in event of his own injury. Also we observe reasoning expressed in other decisions appearing at 21 A.L.R.3rd 872 § 8 and particularly *Bennett v. Buckner,* 150 W.Va. 648, 149 S.E.2d 201 (1966) stating if injury resulted from employment it logically follows the employees were acting in furtherance of the employer's business.

The question was considered by this court in *Thompson v. Kiester,* 141 Okl. 69, 283 P. 1018 (1930) and *Dolese Brothers v. Tollett,* 162 Okl. 158, 19 P.2d 570 (1933). The decision in *Thompson* held determination of State Industrial Court jurisdiction over an injured employee depended upon whether two parties were in same employ regardless of whether one causing injury was liable for compensation. The decision in *Dolese Brothers v. Tollett, supra,* involved interpretation of § 13368 O.S.1931, now § 44. The court stated this statute applies only when the injury results from negligence of one not in the same employ.

Essentially the same question was presented in *Governair Corporation v. District Court, supra.* There an injured employee sought to recover common law damages against his employer for additional injuries resulting from negligence of the employer's foreman while he was transporting the employee to a hospital following initial injury during covered employment. No issue relating to § 44 was considered. Prohibition was granted because additional injuries were determined to have arisen out of and in course of employment, and remedy therefor was within exclusive jurisdiction of Workmen's Compensation Law. Employee's immunity from common law action for negligence of a co-employee was not open to question.

Simply stated, respondent's premise is that a co-employee's immunity from action for negligence should extend only to injuries which arise while the co-employee is

832

acting in furtherance of the employer's business. Hence any act or occurrence not connected with or incidental to the business cannot arise out of the employment. As noted by petitioner, this is contrary to the rule in a majority of jurisdictions holding a negligent employee immune from action when he is engaged in a pursuit or undertaking consistent with his work and which in some logical manner relates to or is incidental to employment. 2A Larson's Workmen's Compensation Law § 72.20.

Recognition of respondent's argument would negate principles long recognized by our compensation law. Two examples suffice. An employee was injured while warming himself by a fire when a co-employee threw dynamite into the fire. Injury arose out of and in course of employment. *Willis v. State Industrial Commission,* 78 Okl. 216, 190 P. 92 (1920). An employee engaged in the employer's work was injured when he struck a rock thrown by a co-worker and the rock glanced and injured the employee on duty. The injury arose out of and in course of the employment. *Marland Refining Company v. Colbaugh,* 110 Okl. 238, 238 P. 831 (1925).

Plaintiff Rhoads was actively engaged in duties at scene of the fire. Petitioner Carroll responded to the fire alarm, as required by law. Upon responding to the alarm, he entered upon his duties as a volunteer fireman. *City of Holdenville v. Bise,* 341 P.2d 588 (Okl.1959). He was properly on the scene and within scope of employment when accidental injury occurred and was in the same employ as Rhoads when accidental injury occurred. Had Carroll received injury under these circumstances, his injury would have been compensable. Both parties were acting in furtherance of their duties when injury occurred and there was causal connection between this employment and Rhoads' injury. Under these circumstances the limitation of § 44, supra, granted Carroll the same immunity for acts of negligence as that extended to City of Tahlequah. Exclusive jurisdiction to determine this cause was vested in State Industrial Court and respondent had no jurisdiction to adjudicate the issues.

Prohibition always is a proper remedy to prevent an inferior court from presuming to exercise jurisdiction which it does not possess. *American Bank of Oklahoma v. Adams,* 514 P.2d 1191 (Okl.1973).

Writ of prohibition is granted and respondent court and the judge thereof is hereby prohibited from proceeding further in Case No. C-75-288, *Robert C. Rhoads v. Charles E. Carroll.*

LET THE WRIT ISSUE.

All the Justices concur.