Deborah BROWN, Appellant,

v.

OKLAHOMA STATE BANK & TRUST COMPANY OF VINITA, Charles Enyart, Randy McKinney, Alma Sedivy and Nell Palmer, Appellees.

No. 80655.

Supreme Court of Oklahoma.

Sept. 28, 1993.

Thomas G. Scott, Tulsa, for appellant.

Karl D. Jones, Vinita, Leslie Shelton, Tulsa, for appellees.

KAUGER, Justice:

The issue presented is whether there are material questions of fact existing which militate against entering summary judgment. We find that there are.

## FACTS

Eastside Preparatory School (school) maintained a checking account with the appellee, Oklahoma State Bank & Trust Co. of Vinita (bank). The Signature Verification/Depositor Agreement between the parties required two signatures for any withdrawals. Three people were listed on the signature card: the appellant Deborah Brown (Brown); and the appellees, Charles

Enyart (Enyart) and Randy McKinney (McKinney).

In 1989, the Eastside School ceased operations. On May 30, Deborah Brown, the owner of the school, closed the school's checking account, and she put the account balance of $1,277.48 in her personal savings account. When the bank discovered that the withdrawal was in violation of the Signature Verification/Depositor Agreement, it re-transferred the money into the school account. On August 10, 1989, the bank issued a check to Brown for $1,027.30—the amount remaining in Brown's savings account after the transfer. The funds in the school account were used by the school board to pay school expenses.

Brown claims that the transfer of funds was done without her authority. She contends that the $1,277.48 belonged solely to her, and that the transfer was a conversion of her funds. The school board claims that the transfer occurred as the result of an agreement between Brown's attorney, Waldo Jones (Jones) and the bank's counsel, James Goodpaster (Goodpaster). In a letter dated July 6, 1989, Goodpaster wrote Jones indicating that the bank was releasing the $1,277.48 to the school board. In the letter, Goodpaster enclosed a cashiers check for the $1,027.30 left in Brown's sav-

ings account and a release for Brown's signature from any liability the bank might have on the school account.[1] On July 10, 1989, Jones wrote back stating that Brown had cashed the check but that she would not sign the release.[2] Brown submitted an affidavit in which she stated that the claim was unsettled, and that no one had her authority or consent to settle.[3]

On October 31, 1990, Brown filed this claim against the bank and the school board alleging that they had converted her funds[4] seeking $1,277.48, attorneys fees, interest and costs and punitive damages. All parties filed motions for summary judgment. On May 29, 1992, the trial court granted summary judgment to the bank and the school board finding that Brown had not proven ownership of the funds. Brown appealed. The cause was submitted to the Court on May 27, 1993. We issued an order retaining the appeal on June 1, 1993.

## I.

### BECAUSE A QUESTION EXISTS CONCERNING OWNERSHIP OF THE FUNDS, SUMMARY JUDGMENT WAS IMPROPERLY GRANTED.

 Pursuant to Rule 13, 12 O.S.1991, Ch. 2 App., Rules for the District Courts, a

---

1. The letter provided in pertinent part:

 "Enclosed is the Cashier Check [sic] from Oklahoma State Bank in Vinita, Oklahoma made payable to you and your client. This $1,027.30 represents the account on which Deborah Brown was the only signatory on the card. The other account reflects that it took two of the three signatures to validate the account ... The bank intends to release the other funds to the remaining two principals for the payment of the school accounts.... We have enclosed a brief release form for your client's signature, releasing the Bank on the other account...."

2. The letter provided in pertinent part:

 "This acknowledges receipt of your letter of July 6, 1989, along with the cashier's check and release from Oklahoma Bank & Trust Company in Vinita, Oklahoma. This letter is to advise that Deborah A. Brown refused to sign the release and that's the first time I've encountered that kind of situation. [sic] From a technical standpoint, the bank doesn't have any liability in reference to account

#0201145, because two of the three individuals could close the account...."

3. The affidavit states:

 "I, Deborah Brown, owned the funds in Account Number 0201145 at the time when the account was established, and thereafter I withdrew my funds from this account and deposited them in a separate account, Savings Account Number 10165. I never believed that payment of $1,027.30, the original amount in the savings account, would take care of this entire claim, nor did anyone have my authority or consent to do the same."

4. The common rule in Oklahoma is that only tangible personal property may be converted. When a person has a right to recover money, a **chose in action** exists. This is the action to bring for **intangible personal property** such as money. *Shebester v. Triple Crown Insurers,* 826 P.2d 603, 608 (Okla.1992); 60 O.S.1991 § 312. Pursuant to 12 O.S.1991 § 2015, if the wrong action has been brought, amendments to pleadings are liberally allowed. For simplicity, we refer to the action as one in conversion.

motion for summary judgment may be filed if the pleadings, depositions, interrogatories, affidavits, and other exhibits reflect that there is no substantial controversy pertaining to any material fact.[5] A party opposing the motion may file a written statement showing that a genuine controversy exists. Affidavits and other evidentiary materials which are admissible at trial may be attached in support of these facts.[6]

■■■ Even when basic facts are undisputed, motions for summary judgment should be denied, if under the evidence, reasonable persons might reach different inferences or conclusions from the undisputed facts.[7] Summary judgment is proper only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.[8] All conclusions drawn from the evidentiary material submitted to the trial court are viewed in the light most favorable to the party opposing the motion.[9]

■■■ In the present action, the parties agree that: the funds in dispute originated from the Eastside School account; Brown withdrew the funds in violation of the Verification/Depositor agreement; and upon discovering the violation the bank placed the money back in the school's account. However, in an action for conversion, the linchpin issue to be resolved is ownership. Conversion is the exercise of dominion over property in defiance or exclusion of the owner's rights.[10] Before the issue of conversion can be decided, ownership of the money must be established.[11] Brown's affidavit states that she owned the funds allegedly converted. However, the bank and the school board claim ownership was in the school. Her affidavit is sufficient evidence to place the ownership of the funds into controversy.

■■■ The most material issue to the conversion action—ownership—remains unresolved.[12] Here, determination of ownership of the funds is **the** essential element to be established. Until it is determined who owned the money, no finding as to the conversion issue may be made.

## CONCLUSION

Summary judgment is properly granted only when there is no substantial controversy as to any material fact.[13] Before an

**5.** *Buckner v. General Motors Corp.,* 760 P.2d 803, 812 (Okla.1988); *Sellers v. Oklahoma Publishing Co.,* 687 P.2d 116, 120 (Okla.1984); *Heavner v. Farmers Ins. Co.,* 663 P.2d 730, 732 (Okla.1983). Rule 13, 12 O.S.1991, Chap. 2 App. states in pertinent part:

"a. A party may move for judgment in his favor on the ground that the depositions, admissions in the pleadings, ... affidavits ... show that there is no substantial controversy as to any material fact.
"b. If the adverse party ... wish[es] to oppose the granting of the motion, they shall serve on the moving party and file ... a concise written statement of the material facts as to which he or they contend a genuine issue exists ... The adverse party shall attach to the statement affidavits and other materials containing facts that would be admissible in evidence ..."

**6.** *Buckner v. General Motors Corp.,* see note 5, supra.

**7.** *Federal Deposit Ins. Corp. v. Moss,* 831 P.2d 613, 620 (Okla.1991); *Wofford v. Eastern State Hosp.,* 795 P.2d 516, 520 (Okla.1990); *Roach v. Atlas Life Ins. Co.,* 769 P.2d 158, 163 (Okla.1989).

**8.** *Buckner v. General Motors Corp.,* see note 5, supra; *Sellers v. Oklahoma Pub. Co.,* see note 5, supra; *Heavner v. Farmers Ins. Co.,* see note 5, supra.

**9.** *Ross v. City of Shawnee,* 683 P.2d 535, 536 (Okla.1984).

**10.** *Steenbergen v. First Fed. Sav. & Loan of Chickasha,* 753 P.2d 1330, 1332 (Okla.1987); *Portable Pipe Serv. Co. v. Graham,* 389 P.2d 985, 987 (Okla.1964); *Continental Oil Co. v. Berry,* 103 P.2d 69, 72, 187 Okla. 390 (1940).

**11.** *Benton v. Ortenberger,* 371 P.2d 715, 717 (Okla.1962).

**12.** A fact is "material" if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action. *Hadnot v. Shaw,* 826 P.2d 978, 985 (Okla.1992).

**13.** *Buckner v. General Motors Corp.,* see note 5, supra.

action for conversion may arise, the person bringing the suit must prove ownership of the object allegedly converted.[14] Here, Brown claims the money belonged to her, but the bank and the school board also claim ownership. Evidentiary material in the record tends to support each claim. Ownership in a conversion action is a material fact,[15] and because ownership is disputed, summary judgment was improper.

**REVERSED.**

HODGES, C.J., and OPALA, ALMA WILSON and WATT, JJ., concur.

SUMMERS, J., with whom SIMMS, J., joins, concurring in part and dissenting in part. I would affirm the summary judgment as to bank, but concur in reversing the judgment as to the school board.

LAVENDER, V.C.J., dissents.

**14.** *Benton v. Ortenberger,* see note 11, supra. **15.** *Hadnot v. Shaw,* see note 12, supra.