OSCN Found Document:BAYOUTH v. DEWBERRY

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 BAYOUTH v. DEWBERRY
2024 OK 42
Case Number: 121897
Decided: 06/11/2024
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2024 OK 42, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

CHRISTOPHER BAYOUTH, Plaintiff/Appellant,
v.
RACHAEL DEWBERRY, EXECUTOR OF THE ESTATE OF LEONARD DAVID BERNSTEIN, DECEASED; and SHERYL DIANNE BERNSTEIN, Defendants/Appellees,
and
LIBERTY MUTUAL INS. COMPANY, Intervenor/Appellee.
APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY;
Honorable Anthony Bonner, District Judge 
¶0 This matter is an appeal of summary judgment granted in favor of the estate of a deceased co-employee. The dispositive issue concerns whether, for purposes of the exclusive remedy provision under the Administrative Workers' Compensation Act, an employee, who injures another employee, must be acting within the course and scope of their employment when the incident occurs in order to receive the protection of the exclusive remedy provision. We answer in the affirmative.
PREVIOUSLY RETAINED ON THIS COURT'S OWN MOTION; JUDGMENT OF THE DISTRICT COURT REVERSED; 
REMANDED FOR FURTHER PROCEEDINGS
Joe Carson, Warhawk Legal, Oklahoma City, Oklahoma for Plaintiff/Appellant
David Bernstein, Oklahoma City, Oklahoma for Defendant/Appellee Rachael Dewberry, as Executor of the Estate of Leonard David Berstein, Deceased
Joseph T. Acquaviva, Jr., Wilson, Cain & Acquaviva, Oklahoma City, Oklahoma for Defendant/Appellee Rachael Dewberry, as Executor of the Estate of Leonard David Berstein, Deceased
Kelsey R. Payton and Jason Goodnight, Franden, Farris, Quillin, Goodnight, Roberts & Ward, Tulsa, Oklahoma for Intervenor/Appellee
COMBS, J.:
¶1 This matter concerns the district court's granting of summary judgment to the estate of a deceased co-employee who shot and injured another employee at work. The district court determined the exclusive remedy provision of Oklahoma's Administrative Workers' Compensation Act, 85A O.S. §§1 through 125, prevented Plaintiff's suit in district court against the co-employee. It held that, as a matter of law, the exclusive remedy provision protected the co-employee regardless of whether or not the co-employee was acting within his course and scope of employment when the shooting occurred. We disagree, and reverse and remand for further proceedings.
I. FACTUAL AND PROCEDURAL BACKGROUND
¶2 Unless otherwise stated, the following facts appear to be undisputed. The Plaintiff/Appellant, Christopher Bayouth, is a Financial Advisor employed by Morgan Stanley's Oklahoma City branch. Leonard Bernstein, an original defendant, was also employed by Morgan Stanley as a Financial Advisor. On June 30, 2022, Mr. Bernstein arrived at the Morgan Stanley office, went to the Plaintiff's office, and shot the Plaintiff with a gun. Mr. Bernstein was approximately ninety years old at the time and suffered from mental deficiencies/defects. He required daily medications to allow him to function normally. Mr. Bernstein left the Morgan Stanley office after the shooting and was subsequently arrested. The Plaintiff was transported to OU Medical Center and underwent surgery. Mr. Bernstein's medical records, dated after the shooting, confirm he: (1) was having paranoid delusions, (2) was confused, (3) was having anxiety, (4) was impulsive, (5) was delusional, (6) was using poor judgment, and (7) was impaired due to serious and persistent mental illness. At the time Mr. Bernstein shot the Plaintiff, he believed that the Plaintiff was trying to kidnap him and he believed he was acting in self-defense. His beliefs were an apparent product of his delusional state.
¶3 The employer maintains a Workers' Compensation policy of insurance through the Intervenor, Liberty Mutual Insurance Company. The Plaintiff was paid medical and indemnity benefits by Liberty.
¶4 On July 8, 2022, the Plaintiff filed a petition against Mr. Bernstein for willful and intentional acts, assault, battery, and intentional infliction of emotional distress. He prayed for damages in excess of $75,000.00, plus interest, costs, fees, punitive damages and all such other relief he may be entitled. He amended his petition on July 14, 2022, and added Mr. Bernstein's wife, Sheryl Dianne Bernstein, as a defendant. His cause of action against her was for negligence. Mr. Bernstein died of natural causes on July 22, 2022. On September 22, 2022, an executor was substituted as the party defendant in place of Mr. Bernstein. On April 10, 2023, the Plaintiff amended his petition a second time. The petitions alleged alternative causes of action. The willful and intentional acts cause of action in the original petition was replaced with a cause of action for negligence in the first and second amended petitions. In the second amended petition this negligence cause of action was against Mr. Bernstein's estate. The first and second amended petitions reflect Mr. Bernstein's actions, regarding negligence, were not intentional due to his delusional state of mind. The assault and battery cause of action and intentional infliction of emotional distress cause of action, however, alleged Mr. Bernstein acted intentionally. The second amended petition also included a new cause of action for false imprisonment. On August 23, 2023, a new executor of Mr. Bernstein's estate, Rachael Dewberry, was substituted as defendant in place of the previous executor. Sheryl Dianne Bernstein was also dismissed with prejudice from the suit on September 12, 2023.
¶5 On July 21, 2023, the previous executor filed a motion for summary judgment. The Defendant asserts the Plaintiff has received workers' compensation benefits and therefore the Plaintiff is prohibited from bringing this action because he has received the exclusive remedy under the AWCA. Section 5 of the AWCA provides that the "rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee . . . against the employer, or any . . . employee . . . of the employer on account of injury . . . ." 85A O.S. 2021, § 5(A). Section 3 of the AWCA also provides:
Every employer and every employee, unless otherwise specifically provided in this act, shall be subject and bound to the provisions of the Administrative Workers' Compensation Act and every employer shall pay or provide benefits according to the provisions of this act for the accidental injury or death of an employee arising out of and in the course of his or her employment, without regard to fault for such injury, if the employee's contract of employment was made or if the injury occurred within this state. 
85A O.S. 2021, § 3(A). In addition, the Defendant asserted none of the exceptions to the exclusive remedy provision apply in this case[1] and the AWCA must be "strictly construed"[2] by the courts.
¶6 In the Plaintiff's response he argues that for Mr. Bernstein to fall under the exclusive remedy provision of the AWCA, his actions must meet the co-employee immunity test. Citing Carroll v. District Court of fifteenth Judicial District Court, Cherokee County, 1978 OK 73, 579 P.2d 828. He alleged Mr. Bernstein does not meet this test because he was not working on the day of the incident nor was he in the course and scope of his employment with Morgan Stanley when he shot the Plaintiff;[3] the shooting did not arise out of nor was it incidental to employment at Morgan Stanley. The Plaintiff notes the Defendant will not stipulate to this fact. The Defendant alleged in her reply brief that Mr. Bernstein was in the process of transitioning his book of business to the Plaintiff and often met with Plaintiff to discuss this transition. She contends the facts show that Mr. Bernstein walked into his place of employment during regular business hours to meet with the Plaintiff prior to the shooting. Therefore, Plaintiff asserts that at a minimum there is a disputed question of material fact as to whether Mr. Bernstein was in the course and scope of his employment with Morgan Stanley at the time of his shooting "and/or" whether the shooting was accidental.
¶7 In its December 12, 2023 Journal Entry of Judgment, the district court determined that pursuant to 85A O.S. 2021, § 3, an employer must provide benefits for the "accidental injury or death of an employee arising out of and in the course of his or her employment, without regard to fault for such injury . . . ." It found that the "course of his or her employment" language only referred to the injured employee, i.e., the injury must arise out of the injured employee's course of employment; therefore, the "focus is not whether [Mr. Bernstein] was acting within the course and scope of [his] employment at the time of the incident." It found the parties agree that the "Plaintiff was shot by [Mr. Bernstein] at Plaintiff's place of employment during regular business hours while Plaintiff was engaged in the course and scope of Plaintiff's employment." The court also found that the parties had agreed the injuries sustained were accidental and not intentional due to the decedent's delusional conditions.[4] Therefore, the court determined there were no genuine issues of material fact, Plaintiff's exclusive remedy was through the AWCA, and none of the exemptions to the exclusive remedy applied. The estate's motion for summary judgment was sustained. The Plaintiff timely filed a petition in error with this Court and we previously retained the appeal.
II. STANDARD OF REVIEW
¶8 The appellate standard of review of summary judgment is de novo. Boyle v. ASAP Energy, Inc., 2017 OK 82, ¶7, 408 P.3d 183; Tiger v. Verdigris Valley Electric Corp., 2016 OK 74, ¶13, 410 P.3d 1007. On appeal, this Court assumes plenary and non-deferential authority to reexamine a district court's legal rulings. John v. St. Francis Hospital, Inc., 2017 OK 81, ¶8, 405 P.3d 681; Stevens v. Fox, 2016 OK 106, ¶13, 383 P.3d 269; Kluver v. Weatherford Hosp. Auth., 1993 OK 85, ¶14, 859 P.2d 1081.
¶9 Summary judgment will be affirmed only if the Court determines that there is no dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Lowery v. Echostar Satellite Corp., 2007 OK 38, ¶11; 160 P.3d 959; Wathor v. Mut. Assur. Adm'rs, Inc., 2004 OK 2, ¶4, 87 P.3d 559; Oliver v. Farmers Ins. Croup of Cos., 1997 OK 71, ¶6, 941 PP.2d 985. All inferences and conclusions to be drawn from the materials must be viewed in a light most favorable to the nonmoving party. Tiger, 2016 OK 74, ¶13, 410 P.3d at 1011. Even when the facts are not controverted, if reasonable persons may draw different conclusions from the facts summary judgment must be denied. Bird v. Coleman, 1997 OK 44, ¶20, 939 P.2d 1123, 1127. When genuine issues of material fact exist, summary judgment should be denied and the question becomes one for determination by the trier of fact. Brown v. Okla. State Bank & Trust Co., 1993 OK 117, ¶7, 860 P.2d 230, 233. Because the district court has the limited role of determining whether there are such issues of fact, it may not determine fact issues on a motion for summary judgment nor may it weigh the evidence. Stuckey v. Young Exp. Co., 1978 OK 128, ¶ 15, 586 P.2d 726, 730.
ANALYSIS
¶10 The dispositive issue presented to this Court is whether, for purposes of the exclusive remedy provision under the Administrative Workers' Compensation Act, an employee, who injures another employee, must be acting within the course and scope of their employment when the incident occurs in order to receive the protection of the exclusive remedy provision. We answer in the affirmative.
¶11 The district court made no ruling on whether Mr. Bernstein was acting within the course and scope of his employment when he shot the Plaintiff. The court found that it did not matter because the provisions of 85A O.S. 2021, § 3, states benefits shall be provided "for the accidental injury or death of an employee arising out of and in the course of his or her employment." The court determined this language only applied to the injured employee being within the course and scope of their employment and therefore, "the focus is not whether the decedent was acting within the course and scope of the decedent's employment at the time of the incident." The parties clearly contest whether Mr. Bernstein was in the course and scope of his employment when he shot the Plaintiff. Therefore, we must determine, as a matter of law, whether in order to receive the protection of the exclusive remedy provision in 85A O.S. 2021, § 5, the co-employee who injures another employee must also have been within the course and scope of their employment when the incident occurs.
¶13 The Defendant argues none of the exemptions to the exclusive remedy provision apply. Unlike its predecessor, the AWCA requires the Act to be strictly construed[5] and Section 5 of the Act "made crystal clear . . . that an employee cannot sue 'any . . . employee . . . of the employer on account of injury.'"[6] The Defendant asserts the pre-AWCA workers' compensation law was similar in regard to the exclusive remedy and our pre-AWCA decisions denied employees from bringing an action against a co-employee outside of workers' compensation. Citing Carroll v. District Ct. of Fifteenth Jud. Dist., 1978 OK 73, 579 P.2d 828; Deffenbaugh v. Hudson, 1990 OK 37, 791 P.2d 84. In addition, the Defendant notes this Court, after the enactment of the AWCA, held a plaintiff who had received workers' compensation benefits was then barred from pursuing a third-party claim. Citing Kpiele-Poda v. Patterson-UTI Energy, Inc., 2023 OK 11, 525 P.3d 28.
¶14 The exclusive remedy provision is found in § 5(A) of the AWCA and provides:
A. The rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee, his legal representative, dependents, next of kin, or anyone else claiming rights to recovery on behalf of the employee against the employer, or any principal, officer, director, employee, stockholder, partner, or prime contractor of the employer on account of injury, illness, or death. Negligent acts of a co-employee may not be imputed to the employer. No role, capacity, or persona of any employer, principal, officer, director, employee, or stockholder other than that existing in the role of employer of the employee shall be relevant for consideration for purposes of this act, and the remedies and rights provided by this act shall be exclusive regardless of the multiple roles, capacities, or personas the employer may be deemed to have.
85A O.S. 2021, § 5(A). Although the Defendant argues Mr. Bernstein was within the course and scope of his employment when he shot the Plaintiff, she asserts the first sentence of § 5(A) provides him complete immunity. In other words, if one who causes an accident is an employee of the same employer as the injured employee, then they have complete immunity 24/7 for any accidental injuries caused on or off the job, i.e., outside of their course and scope of employment, so long as the injured employee was in the course and scope of their employment when injured. We disagree, and are compelled to look at the entire Act and not just § 5(A) in a vacuum in order to determine the legislative intent. Am. Airlines, Inc., v. State, ex rel. Okla. Tax Comm'n, 2014 OK 95, ¶33, 341 P.3d 56, 64 ("The legislative intent will be ascertained from the whole act in light of its general purpose and objective considering relevant provisions together to give full force and effect to each.")
¶15 First, neither of our holdings in Carroll and Deffenbaugh support the Defendant's position that the exclusive remedy provides complete immunity to a co-employee who injures another employee. In Carroll, a volunteer fireman (Carroll), during the course of his employment, parked his vehicle at the scene of a fire he was extinguishing and another volunteer fireman (Rhoads) was injured when Carroll's vehicle rolled into Rhoads. Carroll, 1978 OK 73, ¶4, 579 P.2d at 830. We acknowledged that in a majority of jurisdictions, a "negligent employee is immune from action when he is engaged in a pursuit or undertaking consistent with his work and which in some logical manner relates to or is incidental to employment." Id. ¶15, 579 P.2d at 832. We found that Carroll was properly on the scene and within his "scope of employment" when the "accidental injury occurred and was in the same employ as Rhoads when accidental injury occurred. Had Carroll received injury under these circumstances, his injury would have been compensable. Both parties were acting in furtherance of their duties when injury occurred and there was causal connection between this employment and Rhoads' injury." Id. ¶17, 579 P.2d at 832. We concluded that under these circumstances, exclusive jurisdiction was vested with the State Industrial Court and the district court had no jurisdiction to adjudicate Carroll's negligence claims. Id. Later, in Deffenbaugh, we emphasized the fact that in Carroll "both firemen were acting within the scope of their employment when the harmful event occurred." Deffenbaugh, 1990 OK 37, ¶8, 791 P.2d at 87 (emphasis in the original). Further, Deffenbaugh is not supportive of Defendant's arguments. That case concerned co-employees traveling from an "employment-related trip" when an accident occurred. Id. ¶23, 791 P.2d at 90. The plaintiff, co-employee, sued the driver-employee. We held that the exclusive remedy provision abrogated "the common-law right of action by one employee against another for accidental, job-related injuries." Id. ¶17, 791 P.2d at 89. In affirming the district court's granting of summary judgment in favor of the driver-employee, we noted the plaintiff admitted the injurious event did occur "in the course and scope of their employment." Id. ¶26, 791 P.2d at 91. Deffenbaugh is not supportive of Defendant's contention that only the injured employee must be within the course and scope of their employment when the injury occurs because in that case we determined both employees were acting within the course of their common employment when the injury occurred. Id. ¶16, 791 P.2d at 89.
¶16 Likewise, Kipele-Poda, is not supportive of Defendant's arguments. In Kipele-Poda, an employee, injured in the course of their employment, brought a tort action in district court while simultaneously bringing a workers' compensation claim. We affirmed the district court's dismissal for lack of subject matter jurisdiction. 2023 OK 11, ¶23, 525 P.3d at 36. We determined under the AWCA the exclusive remedy does not apply to an employer if he or she fails to secure payment of compensation or if the injury was caused by an intentional tort committed by the employer. Id. ¶15, 525 P.3d at 34. If either exception exists then 85A O.S. § 5(I) allows the injured employee to maintain an action before the "Commission or in the district court, but not both." Id. The facts of Kipele-Poda are distinguishable from the present matter because here the Plaintiff is pursuing a suit against a co-employee and not his employer.
¶17 In Carroll, 85 O.S. 1971, § 12, was the exclusive remedy provision for workers' compensation. It provided in pertinent part:
The liability prescribed in the last preceding section shall be exclusive and in place of all other liability of the employer and any of his employees . . . .
The language in Deffenbaugh, was similar, it provided in pertinent part:
The liability prescribed in Section 11 of this title shall be exclusive and in place of all other liability of the employer and any of his employees . . . .
85 O.S. Supp. 1984, § 12. The exclusive remedy provisions in both versions are not substantially different from that found in the exclusive remedy provision of the AWCA (85A O.S. § 5(A)) which states in pertinent part:
The rights and remedies granted to an employee subject to the provisions of the Administrative Workers' Compensation Act shall be exclusive of all other rights and remedies of the employee . . . against the employer, or any . . . employee . . . of the employer on account of injury, illness, or death. 
In analyzing legislative intent, words adopted from other sources are generally presumed, without contrary intent, to adopt the "body of learning from which it was taken and the meaning its use will convey to the judicial mind." Evans v. United States, 504 U.S. 255, 259 (1992).[7] We have also adopted this rule when laws are adopted from other jurisdictions. Sudbury v. Deterding, 2001 OK 10, ¶8, 19 P.3d 856, 858 ("The general rule is that when a statute has been adopted from another state, the judicial construction of that statute by the highest court of the jurisdiction from which the statute is taken accompanies it, and is treated as incorporated."). This should apply no less when the Legislature adopts Oklahoma laws interpreted by this Court into new statutes without indicating a contrary intent. Both Carroll and Deffenbaugh support a finding that the co-employee who causes the injury must be doing something job-related in order to receive the protection of the exclusive remedy provision. Other provisions of the AWCA support this interpretation. "Employee," as defined in the AWCA, means "any person, including a minor, in the service of an employer . . . ." 85A O.S. 2021, § 2(18)(a).[8] The definition does not distinguish between employees who are injured on the job from employees who cause the injury. Both must be in the "service" of the employer. A definition of "service" is not found under this section; however, the Legislature added a new definition, "[c]ourse and scope of employment," when it enacted the AWCA. This definition provides:
13. "Course and scope of employment" means an activity of any kind or character for which the employee was hired and that relates to and derives from the work, business, trade or profession of an employer, and is performed by an employee in the furtherance of the affairs or business of an employer. The term includes activities conducted on the premises of an employer or at other locations designated by an employer and travel by an employee in furtherance of the affairs of an employer that is specifically directed by the employer. This term does not include:
a. an employee's transportation to and from his or her place of employment,
b. travel by an employee in furtherance of the affairs of an employer if the travel is also in furtherance of personal or private affairs of the employee,
c. any injury occurring in a parking lot or other common area adjacent to an employer's place of business before the employee clocks in or otherwise begins work for the employer or after the employee clocks out or otherwise stops work for the employer unless the employer owns or maintains exclusive control over the area, or
d. any injury occurring while an employee is on a work break, unless the injury occurs while the employee is on a work break inside the employer's facility or in an area owned by or exclusively controlled by the employer and the work break is authorized by the employee's supervisor;
85A O.S. 2021, § 2(13). Both definitions provide exceptions which make it clear that the protections provided under the AWCA were not intended to extend to an employee 24/7 without limitations.
¶18 We hold, the legislative intent under the AWCA is to provide protections to the injured employee as well as to a co-employee who causes the injury when they are acting within the "course and scope of [their] employment." This answers the dispositive question of law before us. The parties disagree on whether Mr. Bernstein was acting within the "course and scope of [his] employment" when he shot the Plaintiff and the district court never made a ruling on this issue. Therefore, we reverse the district court's granting of summary judgment and remand for further proceedings.
CONCLUSION
¶19 An employee was shot by a co-employee in their place of employment. The parties disagree whether the co-employee was acting within the course and scope of his employment when the incident occurred. The district court granted summary judgment in favor of the estate of the co-employee, holding that only the injured employee must be acting within the course and scope of their employment when the incident occurs under the AWCA and not the co-employee. After reviewing the relevance of our previous decisions and the text of the AWCA, we hold that the legislative intent requires an employee seeking the exclusive remedy protections provided under the AWCA to have been acting within the course and scope of their employment when the incident occurred. The district court's Journal Entry of Judgment is reversed, and the matter is remanded for further proceedings.
PREVIOUSLY RETAINED ON THIS COURT'S OWN MOTION;
 JUDGMENT OF THE DISTRICT COURT REVERSED; 
REMANDED FOR FURTHER PROCEEDINGS
Kauger, Winchester, Edmondson, Combs, Gurich, Darby, JJ., concur;
Kane, C.J., concurs in result;
Rowe, V.C.J. and Kuehn, J. (by separate writing), dissent.
FOOTNOTES
[1] 85A O.S. 2021, § 5(B):
B. Exclusive remedy shall not apply if:
1. An employer fails to secure the payment of compensation due to the employee as required by this act. An injured employee, or his or her legal representative in case death results from the injury, may, at his or her option, elect to claim compensation under this act or to maintain a legal action in court for damages on account of the injury or death; or

2. The injury was caused by an intentional tort committed by the employer. An intentional tort shall exist only when the employee is injured as a result of willful, deliberate, specific intent of the employer to cause such injury. Allegations or proof that the employer had knowledge that the injury was substantially certain to result from the employer's conduct shall not constitute an intentional tort. The employee shall plead facts that show it is at least as likely as it is not that the employer acted with the purpose of injuring the employee. The issue of whether an act is an intentional tort shall be a question of law.

[2] The successor executor asserted in her reply brief that in 2011 and again in 2013, when the Legislature created the Administrative Workers' Compensation Act, the Legislature specifically provided that the Acts shall be strictly construed. See 85 O.S. 2011, § 1.1, and 85A O.S. Supp. 2013, § 1.
[3] The Plaintiff attached to his supplemental brief exhibits of deposition testimony to support his arguments i.e., Mr. Bernstein was not working on the day of the shooting and nothing he did that day was derived as a result of work-related-activities.
[4] On appeal, the Plaintiff contests this determination, noting that he presented alternative causes of action and only one, negligence, indicated that Mr. Bernstein's actions were unintentional due to his delusional state.
[5] The short title provided in the AWCA, 85A O.S. Supp. 2013, § 1, provides:
Sections 1 through 106 and 150 through 168 of this act shall be known and may be cited as the "Administrative Workers' Compensation Act". The provisions of the Administrative Workers' Compensation Act shall be strictly construed.
[6] Def. Reply Br. at 2.
[7] The Court determined:
It is a familiar "maxim that a statutory term is generally presumed to have its common-law meaning." Taylor v. United States, 495 U.S. 575, 592, 110 S.Ct. 2143, 2155, 109 L.Ed.2d 607 (1990). As we have explained: "[W]here Congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word in the body of learning from which it was taken and the meaning its use will convey to the judicial mind unless otherwise instructed. In such case, absence of contrary direction may be taken as satisfaction with widely accepted definitions, not as a departure from them." Morissette v. United States, 342 U.S. 246, 263, 72 S.Ct. 240, 249--250, 96 L.Ed. 288 (1952). Evans, 504 U.S. at 259-60.
The Court noted:
Or, as Justice Frankfurter advised, "if a word is obviously transplanted from another legal source, whether the common law or other legislation, it brings the old soil with it." Frankfurter, Some Reflections on the Reading of Statutes, 47 Colum.L.Rev. 527, 537 (1947). Evans, 504 U.S. at 260, n.3.
[8] 85A O.S. 2021, §2(18):
a. "Employee" means any person, including a minor, in the service of an employer under any contract of hire or apprenticeship, written or oral, expressed or implied, but excluding one whose employment is casual and not in the course of the trade, business, profession, or occupation of his or her employer and excluding one who is required to perform work for a municipality or county or the state or federal government on having been convicted of a criminal offense or while incarcerated. "Employee" shall also include a member of the Oklahoma National Guard while in the performance of duties only while in response to state orders and any authorized voluntary or uncompensated worker, rendering services as a firefighter, law enforcement officer or emergency management worker. Travel by a police officer, fireman, or a member of a first aid or rescue squad, in responding to and returning from an emergency, shall be deemed to be in the course of employment.
b. The term "employee" shall not include:
(1) any person for whom an employer is liable under any Act of Congress for providing compensation to employees for injuries, disease or death arising out of and in the course of employment including, but not limited to, the Federal Employees' Compensation Act, the Federal Employers' Liability Act, the Longshore and Harbor Workers' Compensation Act and the Jones Act, to the extent his or her employees are subject to such acts,
(2) any person who is employed in agriculture, ranching or horticulture by an employer who had a gross annual payroll in the preceding calendar year of less than One Hundred Thousand Dollars ($100,000.00) wages for agricultural, ranching or horticultural workers, or any person who is employed in agriculture, ranching or horticulture who is not engaged in operation of motorized machines. This exemption applies to any period of time for which such employment exists, irrespective of whether or not the person is employed in other activities for which the exemption does not apply. If the person is employed for part of a year in exempt activities and for part of a year in nonexempt activities, the employer shall be responsible for providing workers' compensation only for the period of time for which the person is employed in nonexempt activities,
(3) any person who is a licensed real estate sales associate or broker, paid on a commission basis,
(4) any person employed by an employer with five or fewer total employees, all of whom are related within the second degree by blood or marriage to the employer, all of whom are dependents living in the household of the employer, or all of whom are a combination of such relatives and dependents. If the employer is not a natural person such relative shall be related within the second degree by blood or marriage to a person who owns fifty percent (50%) or more of the employer, or such dependent shall be in the household of a person who owns fifty percent (50%) or more of the employer,
(5) any person employed by an employer which is a youth sports league which qualifies for exemption from federal income taxation pursuant to federal law,
(6) sole proprietors, members of a partnership, individuals who are party to a franchise agreement as set out by the Federal Trade Commission franchise disclosure rule, 16 CFR 436.1 through 436.11, members of a limited liability company who own at least ten percent (10%) of the capital of the limited liability company or any stockholder-employees of a corporation who own ten percent (10%) or more stock in the corporation, unless they elect to be covered by a policy of insurance covering benefits under the Administrative Workers' Compensation Act,
(7) any person providing or performing voluntary service who receives no wages for the services other than meals, drug or alcohol rehabilitative therapy, transportation, lodging or reimbursement for incidental expenses except for volunteers specifically provided for in subparagraph a of this paragraph,
(8) a person, commonly referred to as an owner-operator, who owns or leases a truck-tractor or truck for hire, if the owner-operator actually operates the truck-tractor or truck and if the person contracting with the owner-operator is not the lessor of the truck-tractor or truck. Provided, however, an owner-operator shall not be precluded from workers' compensation coverage under the Administrative Workers' Compensation Act if the owner-operator elects to participate as a sole proprietor,
(9) a person referred to as a drive-away owner-operator who privately owns and utilizes a tow vehicle in drive-away operations and operates independently for hire, if the drive-away owner-operator actually utilizes the tow vehicle and if the person contracting with the drive-away owner-operator is not the lessor of the tow vehicle. Provided, however, a drive-away owner-operator shall not be precluded from workers' compensation coverage under the Administrative Workers' Compensation Act if the drive-away owner-operator elects to participate as a sole proprietor, and

(10) any person who is employed as a domestic servant or as a casual worker in and about a private home or household, which private home or household had a gross annual payroll in the preceding calendar year of less than Fifty Thousand Dollars ($50,000.00) for such workers;

KUEHN, J., with whom Rowe, V.C.J., joins, dissenting:
¶1 Bayouth was injured at work when co-worker Bernstein, while in a delusional state, shot him. It is undisputed that Bayouth suffered an injury arising out of and in the course of his employment, and filed for and received benefits under the Administrative Workers' Compensation Act. The only issue before this Court is whether he may separately pursue a suit against Bernstein in district court. The district court found that, because Bayouth was injured during the course of his employment and no exceptions applied, his AWCA claim against Employer was his exclusive remedy, and he could not sue Bernstein personally. The Majority finds that the AWCA would provide the exclusive remedy if Bernstein were acting within the course and scope of his employment, but if he was not then he may be sued. I disagree with both conclusions. The Section 5(A) exclusivity provision does not apply to Bernstein's acts at all, and Bayouth may sue him in district court.
¶2 Title 85A, Section 3 provides that the AWCA applies to every employer and employee for a claim for accidental injury or death of an employee arising out of and in the course of his or her employment. 85A O.S.Supp.2019, § 3(A). Section 5(A) of Title 85A provides that the AWCA shall be the exclusive remedy available to the employee, with two exceptions which do not apply here. 85A O.S.Supp.2019, § 5(A). Section 5(A) also provides that, for purposes of exclusivity, negligent acts of a co-employee may not be imputed to the employer. 85A O.S.Supp.2019, § 5(A). The arguments in this case arise from the perceived tension that occurs when an employee injures a co-worker. If a random stranger injures a person who is on the job, the injured employee may file for benefits under the AWCA and also sue the stranger personally for causing the injury. Where the injury is caused by a co-employee, I believe that under the plain language of the statute the result is the same.
¶3 The AWCA represents a bargain between employers and employees: an employer will compensate a worker who is injured on the job, but generally the worker must accept that as her exclusive remedy. This offers the worker redress for her injury but protects the employer from employee double-dipping -- ensuring the employer will not be liable for both the workers' compensation claim and a separate suit in district court. Given this purpose, the exclusivity provision in Section 5A is designed to protect the employer. Section 5(A) provides that the AWCA is the injured employee's exclusive remedy for actions against the employer or any principal, officer, director, employee, stockholder, partner, or prime contractor of the employer responsible for the claimant's injury. 85A O.S.Supp.2019, § 5(A). By including these categories of persons connected with an employer, the Legislature ensured that where an employer requires a co-employee, etc., to take an action resulting in a compensable injury, Section 5(A) exclusivity will protect that co-employee as it would the employer. Clearly, Bayouth cannot directly sue Employer in district court for the injury covered under his AWCA claim. And, because a co-employee's negligent acts may not be imputed to Employer, Bayouth cannot get around this by using the fact of Bernstein's employment to sue Employer. 85A O.S.Supp.2019, § 5(A). That is, Section 5(A) protects Employer both from suit against itself and from suit over the consequences of Bernstein's acts.
¶4 But Section 5(A) says nothing about immunizing Bernstein himself from the consequences of his acts. If a co-employee's negligent acts may not be imputed to an employer, thus affording him Section 5(A) protection, where does that leave the co-employee? He's in exactly the same position as anyone else who commits a negligent act: he can be sued in district court. This result is consistent with the legislative purpose of the AWCA. It furthers the bargain between employer and employee while protecting the employer from suit in district court. And it is consistent with the AWCA's focus on the employer and injured employee; the text of the AWCA has no more concern for a co-employee than it has for any other person or entity that is responsible for a compensable injury.
¶5 By contrast, the Majority holds that a co-employee may sometimes be sued, based on whether she is acting within the course and scope of her employment. In doing so the Majority fails to pay attention to either the plain language of the statute or the primary purposes of the AWCA. The Majority focuses not on the employer or the injured employee, but on the co-employee who caused the injury. This stands the AWCA on its head. And the only time the AWCA is concerned with on-the-job status is in making the initial Section 3(A) determination -- was the injured employee on the job at the time of the injury? If so, she has a compensable claim, and we move on. The exclusivity provisions in Section 5(A) neither mention on-the-job status, nor are dependent on it. The Majority would add into Section 5(A) a determination of on-the-job status that just isn't there.
¶6 The Majority suggests that where co-employees are involved we have, practically speaking, held you must decide if both employees are acting within the course and scope of their employment before you can apply the Section 5(A) exclusivity provision. The Opinion discusses three cases: Deffenbaugh v. Hudson, 1990 OK 37, 791 P.2d 84; Carroll v. District Court of Fifteenth Judicial District, 1978 OK 73, 569 P.2d 828; and Kpiele-Poda v. Patterson-ITA Energy, Inc., 2023 OK 11, 525 P.3d 28. While Deffenbaugh and Carroll each involved an injury caused by a co-employee, neither case required us to make a determination of on-the-job status before determining whether Section 5(A) applied. More importantly, each case was decided well before the AWCA was enacted. Those decisions interpret workers' compensation statutory schemes with different provisions, including different exclusivity provisions. They simply do not apply to the current statutory language discussed above. And I agree with the Majority that Kpiele-Poda doesn't apply here, but for a different reason. In Kpiele-Poda the AWCA claim was brought under 85A O.S.Supp.2014, § 5(I), a completely different provision, and did not discuss Section 5(A) exclusivity. Kpiele-Poda doesn't apply because the Section 5(I) choice-of-forum clause doesn't apply here.
¶7 The Majority states that, if the Section 5(A) exclusivity provision applies, any employee, on or off the job, who accidentally injures a co-worker on the job has "complete immunity 24/7." Unsurprisingly, the Majority finds that the Legislature did not intend that result. Certainly the Legislature did not intend that result, and the statute does not require it. Under Section 5(A), if an employer requires a co-employee to take a negligent action resulting in another employee's injury, that co-employee is protected by the exclusivity provision to the same extent the employer is. On the other hand, when an employee negligently injures a co-worker, that action is not imputed to Employer under Section 5(A), and the exclusivity provision does not prevent suit against the responsible co-employee. Boiled down, the Majority opinion appears to be driven by a feeling that Bernstein shot Bayouth and it is unfair to foreclose Bayouth from suing Bernstein as a result. I agree. And the statute allows Bayouth to bring that suit. There is no need to discover whether Bernstein was acting in the course or scope of his employment, as the Majority requires. Instead, I would reverse the district court and remand for further proceedings. I dissent.
 
 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1990 OK 37, 791 P.2d 84, 61 OBJ 1018, 
Deffenbaugh v. Hudson
Discussed at Length

 
1993 OK 85, 859 P.2d 1081, 64 OBJ 2009, 
Kluver v. Weatherford Hosp. Authority
Discussed

 
1993 OK 117, 860 P.2d 230, 64 OBJ 2882, 
Brown v. Oklahoma State Bank & Trust Co. of Vinita
Discussed

 
2001 OK 10, 19 P.3d 856, 72 OBJ 365, 
SUDBURY v. DETERDING
Discussed

 
1997 OK 44, 939 P.2d 1123, 68 OBJ 1161, 
Bird v. Coleman
Discussed

 
1997 OK 71, 941 P.2d 985, 68 OBJ 1996, 
OLIVER v. FARMERS INSURANCE GROUP OF COMPANIES
Cited

 
2004 OK 2, 87 P.3d 559, 
WATHOR v. MUTUAL ASSURANCE ADMINISTRATORS, INC.
Discussed

 
2007 OK 38, 160 P.3d 959, 
LOWERY v. ECHOSTAR SATELLITE CORP.
Discussed

 
2014 OK 95, 341 P.3d 56, 
AMERICAN AIRLINES, INC. v. STATE ex rel. OKLAHOMA TAX COMMISSION
Discussed

 
1978 OK 73, 579 P.2d 828, 
CARROLL v. DISTRICT CT. OF FIFTEENTH JUD. DIST.
Discussed at Length

 
2016 OK 74, 410 P.3d 1007, 
TIGER v. VERDIGRIS VALLEY ELECTRIC COOPERATIVE
Discussed at Length

 
1978 OK 128, 586 P.2d 726, 
STUCKEY v. YOUNG EXPLORATION CO.
Discussed

 
2016 OK 106, 383 P.3d 269, 
STEVENS v. FOX
Discussed

 
2017 OK 82, 408 P.3d 183, 
BOYLE v. ASAP ENERGY, INC.
Discussed

 
2017 OK 81, 405 P.3d 681, 
JOHN v. SAINT FRANCIS HOSPITAL
Discussed

 
2023 OK 11, 525 P.3d 28, 
KPIELE-PODA v. PATTERSON-UTI ENERGY
Discussed at Length

Title 85. Workers' Compensation

 
Cite
Name
Level

 
85 O.S. 1.1, 
Repealed
Cited

 
85 O.S. 12, 
Repealed
Discussed

Title 85A. Workers' Compensation

 
Cite
Name
Level

 
85A O.S. 1, 
Short Title
Discussed at Length

 
85A O.S. 2, 
Definitions
Discussed at Length

 
85A O.S. 3, 
Applicability of Act
Discussed at Length

 
85A O.S. 5, 
Exclusivity
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA